\  IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 6, 1999

## RICK RAY TINKHAM, ET AL. v. R. JEROME BEASLEY

**Appeal from the Circuit Court for Wilson County**
**No. 10511     Clara Byrd, Judge**

---

**No. M1999-02809-COA-R3-CV - Filed November 22, 2000**

---

WILLIAM C. KOCH, JR., J., dissenting.

The court has decided that the vendors of real property are not entitled to damages when they were forced to sell the property for less than its contracted-for price after the buyer breached the contract. I cannot concur with this conclusion for two reasons. First, it ignores one of the most fundamental principles of damages – that the purpose of awarding damages in breach of contract cases is to place injured parties in the same position they would have been in had the contract been fully performed. *Lamons v. Chamberlain*, 909 S.W.2d 795, 801 (Tenn. Ct. App. 1993); *Hennessee v. Wood Group Enters., Inc.*, 816 S.W.2d 35, 37 (Tenn. Ct. App. 1991). Second, it overlooks *Springfield Tobacco Redryers Corp. v. City of Springfield*, 41 Tenn. App. 254, 293 S.W.2d 189 (1956) in which this court approved the precise measure of damages employed by the trial court in this case.

The facts are simple and the application of the law to the facts is straightforward. The Tinkhams contracted to sell a house to R. Jerome Beasley for $167,000. Mr. Beasley breached the contract by refusing to close, and, in order to mitigate their damages, the Tinkhams sold the house at auction for $155,000.[1] Thus, because of Mr. Beasley's breach, the Tinkhams lost the benefit of their contract with Mr. Beasley. In order to put the Tinkhams in the position they would have been in had Mr. Beasley not breached the contract, the trial court awarded them $12,000 – the difference between the contracted-for purchase price and the eventual sale price. According to Judge Felts, "this is the correct measure of recovery." *Springfield Tobacco Redryers Corp. v. City of Springfield*, 41 Tenn. App. at 278, 293 S.W.2d at 200.

_____
WILLIAM C. KOCH, JR., JUDGE

---

[1] No issue has been raised regarding the commercial reasonableness of the Tinkhams' decision to sell their property at auction.