# IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION AT JACKSON

| | | |
|---|---|---|
| **HAL ANGUS, d/b/a** | ) | |
| **HAL ANGUS DEMOLITION,** | ) | |
| | ) | |
| Plaintiff/Appellant, | ) | Madison Law No. C-94-072 |
| | ) | |
| **vs.** | ) | |
| | ) | Appeal No. 02A01-9509-CV-00208 |
| **CITY OF JACKSON,** | ) | |
| | ) | |
| Defendant/Appellee. | ) | |

**FILED**

**August 1, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

### APPEAL FROM THE CIRCUIT COURT MADISON COUNTY
### AT JACKSON, TENNESSEE

THE HONORABLE WHIT LAFON, JUDGE

For the Plaintiff/Appellant:              For the Defendant/Appellee:

Phillip L. Davidson                    Sidney W. Spragins
Nashville, Tennessee               Jonathon O. Steen
                                  Jackson, Tennessee

**AFFIRMED**

HOLLY KIRBY LILLARD, J.

CONCUR:

ALAN E. HIGHERS, J.

DAVID R. FARMER, J.

**OPINION**

In this case, a demolition company filed a lawsuit against the City of Jackson for breaching an alleged implied contract between the two parties by failing to mail the plaintiff demolition company invitations to bid on demolition projects. The trial court granted the City's motion for summary judgment, and the plaintiff appealed. We affirm.

The basic facts are not in dispute. Hal Angus is the sole owner of Hal Angus Demolition ("Angus"), which has operated for over twenty years in Madison County and specializes in the demolition of buildings. Angus' principle client over that twenty year period was the City of Jackson, Tennessee ("City"). Angus performed a number of jobs for the City, demolishing various buildings in Jackson. Angus obtained the majority of these jobs by submitting bids on the City's projects. Prior to the submission of bids the City would normally send "invitations to bid" to a number of persons or entities qualified to perform the job, including Angus.

In October, 1992, Angus was involved in a controversy regarding the demolition of a railroad trestle; Angus asserts that he was cleared of any wrongdoing. Subsequently, Angus contends that the City stopped its prior practice of sending him invitations to bid on all demolition jobs for which he was qualified, and sent him bids only on small projects. Angus contends that, from this point forward, he was awarded far fewer jobs and that this had a significant adverse financial impact on his business. As a result, Angus filed this lawsuit against the City.

Under Tennessee Code Annotated § 6-56-304, local government entities are required to publicly advertise and accept competitive bids on most purchases of services over $2,500. The City enacted an ordinance similar to this statute, City Ordinance No. 1991-28. This ordinance provided that City purchases of less than $4,000 but more than $1,000 should, when possible, be based on at least three competitive bids. The demolition projects at issue in this case were valued at greater than $4,000; consequently, the City Ordinance is inapplicable.

Angus originally alleged that the City violated Tennessee Code Annotated § 6-56-304 and City Ordinance No. 1991-28 by failing to send him invitations to bid on certain demolition projects. He later amended his complaint to allege that the City had violated the statute and ordinance by not accepting certain bids that he submitted. Angus also contended that the City's failure to mail him invitations to bid violated an implied contract that resulted from a "pattern of dealings" developed by the parties over the years.

The City filed a Motion to Dismiss alleging that it had complied with Tennessee Code

Annotated § 6-56-304 and City Ordinance No.1991-28 by placing notice of the upcoming demolition jobs in the local newspaper in the form of advertisements. The trial court treated the City's motion to dismiss as a motion for summary judgment, and held a hearing on the motion. In response to the motion, Angus presented no proof in the record that the City failed to advertise the prospective demolition projects in the local newspaper, or that the City limited the bidding on demolition projects only to contractors who received invitations to bid.

After the hearing on the City's motion, the trial court made several findings of fact, including the following:

> 4.     The City of Jackson is required to publish a Notice of invitation to bid, pursuant to T.C.A. § 6-56-304 and City of Jackson Ordinance No.1991-28, but is not required to mail invitations to bid to particular individuals;
> 5.     Defendant has in all instances regarding demolition projects fully complied with the bidding procedures set forth in T.C.A. § 6-56-304 and City of Jackson Ordinance No. 1991-28.

The trial court found that the parties' course of conduct did not establish an implied contract. It concluded that there was no genuine issue as to any material fact and granted summary judgment to the City.

Angus then filed a motion to alter or amend the judgment under Rule 59.04 of the Tennessee Rules of Civil Procedure, asserting that newly discovered documents raised a genuine issue of material fact as to whether plaintiff had received an invitation to bid on various demolition projects and whether the City had followed its normal procedures in accepting contractors' bids. The "newly discovered evidence" consisted of the affidavits of Angus and Charles McBride, a former City worker. McBride's affidavit stated in part:

> 3. The procedure employed by the City for at least twenty years was as follows: (1) a contractor sent a letter to the City and requested to be put on a list of approved bidders. Without being on this list, no one could receive an invitation to bid, (2) once a project was identified, it was put in the [news]paper. However, this was a formality. Nothing in the paper notice described the necessary requirements for the bid, (3) invitations to bid were sent by the City to the persons on the approved list. If you were not on the list you did not receive an invitation to bid, and (4) the bids came in and the lowest bidder, in most cases, got the job.
> 4. This procedure was followed in every instance by the City. It was not deviated from. Every person on the list knew the procedure and depended on it.
> 5. Only persons on the list bid, no one else did.

The "newly discovered evidence" also included the transcript of the deposition of Susan White, the City purchaser who was familiar with the procedures employed by City in awarding demolition contracts. White's deposition was taken prior to the hearing on the City's motion, but not

transcribed until after judgment was entered. Her deposition described the bidding process and stated in part that, to be put on the City's "bid list," a demolition company need only write a letter with such a request.

In response to Angus' motion to alter or amend, the City maintained that the alleged "newly discovered evidence" was available to Angus prior to entry of summary judgment. The City also contended that the evidence did not create any genuine issue of fact as to whether the City was required to continue sending Angus invitations to bid on projects, or whether the City had complied with the statutory requirements. The trial court subsequently denied Angus' motion to alter or amend the judgment. Angus then filed this appeal.

On appeal, Angus argues that the "newly discovered evidence" proffered with his motion to alter or amend the judgment created a genuine issue of material fact. He asserts further that the trial court erred in holding that the City was not required to continue the bidding procedure it had followed, which included mailing invitations to bid to Angus. Consequently, he asks this Court to reverse the trial court's grant of summary judgment to the City and to remand the case for a trial on the merits.

A motion for summary judgment should be granted when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. Tenn. R. Civ. P. 56.03. The party moving for summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. *Byrd v. Hall*, 847 S.W.2d 208, 211 (Tenn. 1993). On a motion for summary judgment, the court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence. *Id.* at 210-11. Summary judgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion. *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995). Since only questions of law are involved, there is no presumption of correctness regarding a trial court's grant of summary judgment. *Id.* Therefore, our review of the trial court's grant of summary judgment is *de novo* on the record before this Court. *Id.*

Angus alleges that the trial court erred in failing to consider the additional evidence submitted with his motion to alter or amend the judgment. For purposes of this appeal, we shall consider all of the evidence submitted by Angus, including the "newly discovered evidence," to determine whether the City was entitled to a grant of summary judgment.

The central issue is whether the City was under a legal duty to continue mailing to Angus an invitation to bid on each upcoming demolition project. Tennessee Code Annotated § 6-56-304 sets forth the City's duty to publicly advertise an invitation to bid on an upcoming demolition project. This was done by placing a notice as advertising such in the local newspaper. Angus concedes that the City did not violate the requirements of Tennessee Code Annotated § 6-56-304[1]. Thus, the City is entitled to summary judgment unless Angus can show that there existed an implied contract between Angus and the City, under which the City was required to mail Angus invitations to bid.

Angus insists that the City's practice of sending him invitations to bid on demolition projects over a period of years created an implied contract between the two parties. He contends that the City's failure to provide him with invitations to bid on certain demolition projects constituted a breach of that implied contract.

Tennessee recognizes two distinct types of implied contracts; namely, contracts implied in fact and contracts implied in law, commonly referred to as quasi contracts. *Paschall's, Inc. v. Dozier*, 219 Tenn. 45, 53-54, 407 S.W.2d 150, 154 (1966).

Contracts implied in fact arise under circumstances which show mutual intent or assent to contract. *Weatherly v. American Agric. Chem. Co.*, 16 Tenn. App. 613, 65 S.W.2d 592 (1933). Mutual assent and a meeting of the minds cannot be accomplished by the unilateral action of one party. *See Batson v. Pleasant View Util. Dist.*, 592 S.W.2d 578, 582 (Tenn .App. 1979). Here, the City's unilateral action in mailing invitations to bid to Angus does not establish mutual assent. No contract between the parties existed until Angus submitted a bid on a project which was accepted by the City. Angus submitted no proof in the record that an invitation to bid constituted mutual

---

[1]City Ordinance No. 1991-28 is discussed by the trial court and argued on appeal. However, Angus concedes that the City did not violate City Ordinance No. 1991-28, and as noted in his brief, it is inapplicable in this case because the demolition projects at issue are valued in an amount greater than $4,000.

assent that Angus would contract with City for the performance on a demolition project. Therefore, Angus failed to present evidence creating a genuine issue regarding a contract implied in fact.

Contracts implied in law are created by law without the assent of the party bound, on the basis that they are dictated by reason and justice. *Weatherly v. American Agr. Chemical Co.*, 16 Tenn. App. 613, 65 S.W.2d 592 (1933). A party seeking to recover on an implied in law or quasi contract theory must prove the following:

> A benefit conferred upon the defendant by the plaintiff, appreciation by the defendant of such benefit, and acceptance of such benefit under such circumstances that it would be inequitable for him to retain the benefit without payment of the value thereof.

*Paschall's, Inc.*, 219 Tenn. at 57, 407 S.W.2d at 155.

In this case, Angus failed to submit any proof in the record of the first element, a benefit received by the City which would created a legal duty for the City to provide Angus with invitations to bid on all upcoming demolition projects. Consequently, Angus failed to present evidence creating a genuine issue as to whether there existed a contract implied by law. Therefore, the grant of summary judgment to the City must be affirmed.

The decision of the trial court is affirmed. Costs on appeal are taxed to Appellant, for which execution may issue if necessary.


                                                             **HOLLY KIRBY LILLARD, J.**

**CONCUR:**

**ALAN E. HIGHERS, J.**

**DAVID R. FARMER, J.**