Eddie W. HENNESSEE and wife, Kristy L. Hennessee, Plaintiffs/Appellees,

v.

WOOD GROUP ENTERPRISES, INC., Defendant/Appellant.

Court of Appeals of Tennessee, Middle Section, at Nashville.

May 1, 1991.

Permission to Appeal Denied by Supreme Court Sept. 9, 1991.

Eddie W. Hennessee, pro se.

Fred C. Dance, Nashville, for defendant/appellant.

## OPINION

CANTRELL, Judge.

The plaintiffs filed this action to recover damages for the defendant's failure to furnish water to the plaintiffs' lot by the promised date. The issues presented for review pertain to the propriety of certain damages awarded by the trial court.

The plaintiffs, Eddie W. Hennessee and Kristy L. Hennessee, entered into a contract with the defendant, Wood Group Enterprises, Inc., to purchase Lot 165, Poplar Ridge Estates, Section IV–B in Wilson County. The contract was executed on September 5, 1988, and provided that water and electricity would be available prior to the date of closing. But when the sale was closed on January 31, 1989, water was not yet available to the building site. The plaintiffs were not aware of the situation at the time of closing because water lines and fire hydrants were in place and this gave the appearance of water being available.

The plaintiff's contractor began construction of their home on February 1, 1989. The terms of their contract specified that the contractor would complete the home by May 31, 1989. In late March, the contractor informed the plaintiffs that there was no water at the site, and that the utility district would not turn the water on until certain fees were paid by the defendant. The plaintiffs contacted the defendant several times in an attempt to have the matter resolved. By the end of April, there still was no water at the site and the contractor informed the plaintiffs that he could not complete construction until water was available.

On May 3, 1989, the plaintiffs hired an attorney to assist them. After several letters and telephone calls from the plaintiffs' attorney, water service was finally made available on May 15. The contractor completed the construction and the plaintiffs moved into their new home on June 8, 1989.

The plaintiffs filed suit, seeking damages for the defendant's breach of their contract. The plaintiffs contend that the defendants' breach caused a three week delay in being able to move into the new home, and that they incurred various expenses as a result of the delay. The trial court found in favor of the plaintiffs on the claim of breach of contract, and awarded damages in the amount of $4,900.00. On appeal, the defendant does not contest the finding that

it breached its contract with the plaintiffs, but argues that any damages suffered were not proximately caused by the breach.

 The court awarded the plaintiffs attorney's fees in the amount of $2,500.00. As the parties' contract provides for such fees in the event of a breach, the defendant only contends that the amount of the award was excessive. The defendant argues that Mr. Hennessee paid this amount to his attorney on May 5, and that all the attorney did was write some letters and make some telephone calls to get the water turned on. But Mr. Hennessee testified that the fee represented not only the attorney's services in getting the water turned on, but also his services in prosecuting the present lawsuit in General Sessions and Circuit Court. While it is preferable to prove the reasonableness of such fees through the affidavit of the attorney doing the work, the Court can determine a reasonable fee upon consideration of all facts and circumstances presented by the record. *Preston Lincoln–Mercury, Inc. v. Kilgore*, 525 S.W.2d 155 (Tenn.App.1974). The appellants do not point out how the evidence preponderates against the finding of the trial judge. Tenn.R.App.P. 13(d). The award of $2,500.00 in attorney's fees is therefore affirmed.

The court also awarded the plaintiffs $908.00 in lost interest. The plaintiffs contend that this figure is a split calculation between the interest that could have been earned at market rates on $68,000.00 of their own money that was tied up in a house they could not use for three weeks, and the thirteen and one-half percent interest they were paying on a $70,000.00 construction loan. In essence, the plaintiffs argue that the defendant's breach of their contract delayed their move for three weeks, and that the defendant should pay the interest on their investments and loans during that period. But Mr. Hennessee stated on cross-examination that he did not convert his construction loan into permanent financing until August because he was watching the interest rates and trying to get a favorable rate. Therefore, the amount of interest would not have been

any different had the defendant performed the contract according to its terms.

 An injured party is only entitled to be put in the same position he would have been in had the contract been performed, and he should not profit by the defendant's breach. *John Deere Plow Co. v. Shellabarger*, 140 Tenn. 123, 203 S.W. 756 (1918); *Action Ads, Inc. v. William B. Tanner Co., Inc.*, 592 S.W.2d 572 (Tenn.Ct. App.1979); *Chambliss, Bahner and Crawford v. Luther*, 531 S.W.2d 108 (Tenn.Ct. App.1975). Since the interest would have been the same had the defendant performed the contract according to its terms, this element of damages would be a profit for the plaintiffs because of the breach. Therefore, we reverse the award of interest in the amount of $908.00.

 The final element of damages was $1,431.00 representing lost earnings of both plaintiffs. These damages were claimed for the time Mr. Hennessee missed from work in trying to get the water turned on and meeting with his attorneys, and for an additional two week period Mrs. Hennessee took off from work to move their belongings into the new home because she was unable to move during her pre-arranged maternity leave. But we are convinced that these damages are too remote, and simply could not have been contemplated by the parties as the natural result of any breach of the contract. *Hawkins v. Reynolds*, 62 Tenn.App. 686, 467 S.W.2d 791 (1971); *Marquette Cement Mfg. Co. v. Louisville & N.R. Co.*, 281 F.Supp. 944 (E.D.Tenn.1967), *affirmed* 406 F.2d 731 (6th Cir.1969). Therefore, we also reverse the award of $1,431.00 in lost earnings.

The defendant also contends that the trial court erred in awarding the plaintiff $142.00 in damages for the replacement of a water line under the driveway which had developed a leak. Mr. Hennessee testified that without any water, the system could not be pressure tested until after the cement was poured for the driveway. But after reviewing the record, it appears that this amount was not included in the dam-

ages that were awarded. Therefore, this issue has no merit.

The judgment of the Davidson County Circuit Court is affirmed as to the award of $2,500.00 in attorney's fees, and reversed as to the remaining elements of damages. The cause is remanded for further proceedings consistent with this opinion, and the costs of appeal shall be taxed to the appellees.

FRANKS and KOCH, JJ., concur.