IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 11, 2005 Session

## THE METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY v. CIGNA HEALTHCARE OF TENNESSEE, INC.

Appeal from the Chancery Court for Davidson County
No. 01-1797-III     Ellen Hobbs Lyle, Chancellor

No. M2003-02700-COA-R3-CV - Filed November 22, 2005

The Metropolitan Government of Nashville and Davidson County appeals the summary dismissal of an action against Cigna Healthcare of Tennessee, Inc.  The claims are a result of Cigna's failure to purchase a performance bond in assurance of Cigna's fulfillment of its obligation to Metro employees.  Metro circulated a Request for Proposal to provide health insurance services for Metro employees for a four-year period which required the successful bidder to purchase a performance bond.  Cigna was a successful bidder and fully performed all obligations, with the exception of the performance bond.  As the term neared expiration, Metro discovered Cigna had not provided the bond and, moreover, that the parties had failed to execute a written agreement.  After negotiations to execute a written agreement failed, Metro filed this action contending Cigna was unjustly enriched by failing to provide the performance bond and, alternatively, that Cigna was in breach of contract by failing to provide the bond.  Cigna denied liability and moved for summary judgment.  The trial court summarily dismissed the unjust enrichment claim finding Cigna had not charged Metro for the cost of a performance bond, thus it was not unjustly enriched.  The trial court also dismissed the breach of contract claim finding Metro had failed to satisfy a condition precedent to recover on the claim.  Metro appeals contending material facts are in dispute.  We affirm the dismissal of both claims.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed

FRANK G. CLEMENT, JR., J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J., M.S., and WILLIAM B. CAIN, J., joined.

Karl F. Dean, Lora Barkenbus Fox and John L. Kennedy, Nashville, Tennessee, for the appellant, The Metropolitan Government of Nashville and Davidson County.

Gary C. Shockley and Brigid M. Carpenter, Nashville, Tennessee, for the appellee, Cigna Healthcare of Tennessee, Inc.

**OPINION**

Metro's Employee Benefit Board is entrusted with the duty to facilitate the provision of medical and dental insurance coverage for eligible Metro employees. In furtherance of this duty, the Board issued a "Request for Proposal to Provide Medical and Dental Services" (RFP) in February of 1995. Cigna submitted its proposal and was selected to provide insurance to Metro employees.[1]

The RFP contained two notable provisions. The first provision required the successful bidder to purchase a performance bond. That provision reads:

> The successful proposer must execute a performance bond, in the amount of the negotiated value of the contract, guaranteeing the faithful performance of all conditions contained in the contract. The bond shall be with a surety company authorized to write bonds in the State of Tennessee, and acceptable to the Board and Purchasing Agent as to form and content. An executed copy of the bond must be supplied to the Purchasing Agent at the time the executed contract is submitted. The performance bond shall be kept in force for the duration of the contract.

> The performance bond called for in this section is required by law and may not be waived by the Board.

The other provision provided that any objectionable provisions must be identified by the bidder upon submission of the bid. Cigna did not object to the requirements listed on the RFP and began providing health care insurance to Metro employees in October, 1995.

In 1998, Metro realized it did not have a written contract with Cigna. To remedy the oversight, representatives of Metro contacted Cigna in hopes of executing a written contract for retroactive application as well as the short remainder of the contract term. In the course of negotiations, Metro ascertained that Cigna also did not provide the performance bond required in the RFP. Despite the fact that the term of the contract was nearing expiration, Metro requested Cigna purchase a performance bond for the remainder of the contract and receive a partial refund for the period a performance bond should have been in place. Cigna declined Metro's request, negotiations broke down and Metro filed this action.

Metro asserts two claims: 1) that Cigna has been unjustly enriched by acceptance of Metro's payments for a performance bond without providing a bond; and, in the alternative, 2) that if a contract was entered into by implication, the contract was breached by Cigna's failure to provide a

---

[1]Metro awarded contracts to two insurance companies to provide insurance services to its employees. BlueCross/BlueShield of Tennessee was the other company. It is not apart to this dispute.

performance bond.[2] Cigna admitted the RFP required a performance bond and Cigna failed to provide the bond; however, it denied liability for damages for failing to do so, contending that Metro suffered no damages.

Thereafter, Cigna moved for summary judgment contending in part, that it had "not been unjustly enriched by its failure to provide a performance bond to [Metro] . . . pursuant to a contract for services between Cigna and Metro." Cigna's primary contention was that the cost of a performance bond premium was never charged to or passed on to Metro; therefore there was no benefit conferred upon Cigna at Metro's expense. The trial court granted Cigna's motion finding that no benefit was conferred upon Cigna because Metro had not paid an additional amount for the cost of a bond. The trial court also found the contract between the parties contained a condition precedent to Cigna's obligation to provide a performance bond, that being a "negotiated value of the contract." Because both parties acknowledge there was not a "negotiated value of the contract," the trial court ruled that the condition precedent was not met, thus Cigna was not obligated to purchase the bond. Metro appealed.

### STANDARD OF REVIEW

The issues were resolved in the trial court upon summary judgment. Summary judgments do not enjoy a presumption of correctness on appeal. *BellSouth Advertising & Publishing Co. v. Johnson*, 100 S.W.3d 202, 205 (Tenn. 2003). This court must make a fresh determination that the requirements of Tenn. R. Civ. P. 56 have been satisfied. *Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997). We consider the evidence in the light most favorable to the non-moving party and resolve all inferences in that party's favor. *Godfrey v. Ruiz*, 90 S.W.3d 692, 695 (Tenn. 2002). When reviewing the evidence, we first determine whether factual disputes exist. If a factual dispute exists, we then determine whether the fact is material to the claim or defense upon which the summary judgment is predicated and whether the disputed fact creates a genuine issue for trial. *Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn. 1993); *Rutherford v. Polar Tank Trailer, Inc*., 978 S.W.2d 102, 104 (Tenn. Ct. App. 1998).

Summary judgments are proper in virtually all civil cases that can be resolved on the basis of legal issues alone, *Byrd v. Hall*, 847 S.W.2d at 210; *Pendleton v. Mills*, 73 S.W.3d 115, 121 (Tenn. Ct. App. 2001); however, they are not appropriate when genuine disputes regarding material facts exist. Tenn. R. Civ. P. 56.04. The party seeking a summary judgment bears the burden of demonstrating that no genuine disputes of material fact exist and that party is entitled to judgment as a matter of law. *Godfrey v. Ruiz*, 90 S.W.3d at 695. Summary judgment should be granted at the trial court level when the undisputed facts, and the inferences reasonably drawn from the undisputed facts, support one conclusion, which is the party seeking the summary judgment is entitled to a judgment as a matter of law. *Pero's Steak & Spaghetti House v. Lee*, 90 S.W.3d 614, 620 (Tenn. 2002); *Webber v. State Farm Mutual Automobile Ins. Co.*, 49 S.W.3d 265, 269 (Tenn. 2001). The

---

[2]The original complaint only stated a claim for unjust enrichment. Thereafter, Metro amended its complaint to add a breach of contract claim.

court must take the strongest legitimate view of the evidence in favor of the non-moving party, allow all reasonable inferences in favor of that party, discard all countervailing evidence, and, if there is a dispute as to any material fact or if there is any doubt as to the existence of a material fact, summary judgment cannot be granted. *Byrd v. Hall*, 847 S.W.2d at 210; *EVCO Corp. v. Ross*, 528 S.W.2d 20 (Tenn. 1975). To be entitled to summary judgment, the moving party must affirmatively negate an essential element of the non-moving party's claim or establish an affirmative defense that conclusively defeats the non-moving party's claim. *Cherry v. Williams*, 36 S.W.3d 78, 82-83 (Tenn. Ct. App. 2000).

## UNJUST ENRICHMENT

Unjust enrichment is a quasi-contractual theory or an equitable substitute for a contract claim in which a court may impose a contractual obligation where one does not exist. *Whitehaven Community Baptist Church v. Holloway* 973 S.W.2d 592, 596 (Tenn.1998) (citing, *Paschall's Inc. v. Dozier*, 407 S.W.2d 150, 154-55 (Tenn. 1966)). Courts may impose a contractual obligation under an unjust enrichment theory if there is no contract between the parties or the contract has become unenforceable or invalid and the defendant will be unjustly enriched unless the court imposes an obligation. *Paschall's*, 407 S.W.2d at 154.

An action brought upon the theory of unjust enrichment is essentially the same as quasi-contract, quantum meruit and contract "implied in law." *Paschall's,* 407 S.W.2d at 153-154. Courts frequently employ the various terminology interchangeably. Each is based upon an implied obligation where, on the basis of justice and equity, we impose a contractual relationship between parties, regardless of their assent. *Id*. at 154. Unfortunately, the phrase "implied contract" has been erroneously used to connote both true contracts (those which are implied "in fact") and quasi contracts (those which are implied "in law"). *See Ridgelake Apartments v. Harpeth Valley Utilities Dist. of Davidson and Williamson Counties*, No. M2003-02485-COA-R3-CV, 2005 WL 831594, at *8 (Tenn. Ct. App. April 8, 2005). This error has led to much confusion. *Id.*

A party may recover damages in equity if there exists a contract implied in law, *see Paschall's*, 407 S.W.2d at 153; however, equitable relief is not available if there exists a contract implied in fact. *See Ridgelake*, 2005 WL 831594, at *8 (holding only contracts implied in law are creatures of equity). Tennessee recognizes each as a distinct type of implied contract. *Id*. (quoting *Paschall's*, 407 S.W.2d at 154) (distinguishing contracts implied in fact and contracts implied in law, commonly referred to as quasi contracts); *see also Angus v. City of Jackson,* 968 S.W.2d 804, 808 (Tenn. Ct. App. 1997). Contracts implied in fact arise under circumstances which show mutual intent or assent to contract. *Ridgelake*, 2005 WL 831594, at *8 (citing *Weatherly v. American Agric. Chem. Co.*, 65 S.W.2d 592, 598 (Tenn. 1933). Contracts implied in fact "arise under circumstances which, according to the ordinary course of dealing and common understanding of men, show a mutual intention to contract." *Weatherly,* 65 S.W.2d at 598. Contracts implied in law, however, "are a class of obligations which are imposed or created by law without the assent of the party bound, on the ground that they are dictated by reason and justice." *Id*.

-4-

The distinction is important to the issue at hand because equitable relief, such as that sought by Metro, is not available if there exists a contract implied in fact. The trial court found, and we agree, that a contract in fact exists between Cigna and Metro.[3] Because a contract implied in fact exists, Metro is precluded from recovering damages under the equitable theory of unjust enrichment.

The foregoing notwithstanding, we also find that Metro would not be entitled to equitable relief even had there not been a contract in fact. The trial court granted Cigna's motion based upon a finding that no benefit was conferred upon Cigna by Metro because Metro had not paid an additional amount for the cost of a bond.

For the claim to survive on a summary judgment motion there must be material disputed fact as to whether: (1) a benefit was conferred on the defendant; (2) the defendant appreciated the benefit; and (3) it would be unjust for the defendant to retain the benefit without providing compensation for the benefit. *B&L Corp. v. Thomas & Thorngren, Inc.,* 917 S.W.2d 674, 680 (Tenn. Ct. App. 1995). Cigna introduced evidence from persons who prepared its bid that Cigna did not include in its bid the cost of a performance bond. Cigna employees, Chris Bogle and Stephen Curlee explained they did not consider the cost and did not add the cost of a performance bond to the pricing of Cigna's bid proposal. Metro did not introduce evidence to contradict these facts. Instead, Metro introduced evidence to establish that Cigna would have incurred a cost had it purchased the performance bond. Cigna did not dispute this fact.

Cigna would have incurred an expense, approximately $150,000 annually, had it purchased the bond; however, that is not relevant or material to the issue of unjust enrichment before us. Whether Cigna would have incurred a cost of $15,000, $150,000 or $1,500,000 is irrelevant and immaterial, standing alone.[4] As we learned from *B&L Corp.*, whether a benefit was conferred on Cigna by Metro, whether Cigna appreciated the benefit, and whether it would be unjust for Cigna to retain the benefit conferred without providing compensation for the benefit are the issues relevant to this claim. *B & L Corp.,* 917 S.W.2d at 680.

Although purchasing the performance bond would have resulted in an additional cost to Cigna, there is no evidence in the record to support Metro's contention that Metro paid Cigna for the cost of a performance bond, i.e., that it conferred a benefit on Cigna by paying an additional sum for the bond. Metro's evidence pertained only to the cost Cigna would have incurred had it complied with the RFP. Metro, however, failed to refute the evidence presented by Cigna that it did not charge for the performance bond.

The record contains undisputed evidence that Cigna was obligated to provide but did not provide the performance bond. Moreover, the evidence is uncontradicted that Cigna did not include

---

[3] Our reasons for affirming this ruling are explained later in this opinion.

[4] The cost of the bond appears significant but the cost of the bond pales in comparison to the payments Metro made to Cigna for the insurance services, which totaled $92,279,905.95 for four years.

the cost of the bond in its bid and the amount of Cigna's bid would have been the same whether the bond was or was not required by the RFP. Consequently, Metro failed to establish the fact, or even create a dispute of fact that Cigna's bid included a charge for the bond, that Metro paid an additional sum for the cost of the bond, or that Metro conferred a benefit upon Cigna for which it is unjust that Cigna retain.

Accordingly, we affirm the trial court's summary dismissal of Metro's claim for unjust enrichment.

### BREACH OF CONTRACT

Metro contends it entered into a contract for insurance services with Cigna, Cigna breached the contract by failing to provide the performance bond required by the parties' agreement, and Metro sustained damages as a result of that breach. Although the parties failed to execute a written agreement to memorialize their agreement, we agree with the trial court's conclusion that the parties entered into an enforceable contract implied in fact. We also find that although Cigna breached the contract by failing to provide the performance bond, Metro did not sustain any damages as a result of the breach.

Tennessee has long recognized that a contract can be express, implied, written or oral. *Klosterman Development Corp. v. Outlaw Aircraft Sales, Inc.,* 102 S.W.3d 621, 635 (Tenn. Ct. App. 2002). A contract "implied in fact" is one that "arises under circumstances which show mutual intent or assent to contract." *Angus v. City of Jackson,* 968 S.W.2d 804, 808 (Tenn. Ct. App. 1997); *see also Givens v. Mullikin*, 75 S.W.3d 383, 407 (Tenn. 2002). A contract may be implied from the conduct of the parties and the surrounding circumstances show mutual assent to the terms of the contract. *Thompson v. Hensley*, 136 S.W.3d 925, 930 (Tenn. Ct. App. 2003).

Metro invited requests for proposals with prescribed criteria. Cigna submitted its bid and did not object to any of the criteria. Metro awarded the contract to Cigna based upon the RFP and bid. Though the parties neglected to execute a written contract, Cigna proceeded to provide insurance services to Metro for the benefit of Metro's employees pursuant to the RFP and Cigna's bid. Metro, in turn, compensated Cigna pursuant to the RFP and bid. But for Cigna's failure to provide the performance bond required by the RFP, it is undisputed that both parties fulfilled all of their respective obligations under the RFP and bid. Accordingly, except for Cigna's failure to provide the performance bond, the conduct of the parties was exactly that which would have occurred had the parties signed a contract consistent with the RFP and bid, which evidences the parties mutual assent. Based upon these undisputed facts we conclude, as did the trial court, that the parties had a contract "implied in fact."

Pursuant to the parties' agreement, Cigna was obligated to provide a performance bond. The purpose of the performance bond was to provide a surety for Cigna's financial obligations to the insureds in the event Cigna was financially unable to fulfill its obligations due to bankruptcy,

insolvency or dissolution of the business. Cigna did not provide the bond, thus it breached the agreement with Metro.

Metro contends it incurred damages as a result of Cigna's breach of the contract. As its remedy, Metro seeks to recover the cost Cigna would have incurred had it purchased the bond. Cigna contends Metro was not damaged by its failure to provide the performance bond because it fulfilled all other obligations to Metro and the insureds. Thus, Cigna further contends, as the performance bond was not needed, Metro did not sustain damages from Cigna's failure to provide the bond.

The purpose of assessing damages in the event of a breach of contract is to place the injured party in the same position it would have been in had the contract been fully performed. *Wilhite v. Brownsville Concrete Co., Inc.*, 798 S.W.2d 772, 775 (Tenn. Ct. App. 1990) (*citing Action Ads, Inc. v. William B. Tanner Co., Inc.*, 592 S.W.2d 572, 575 (Tenn. Ct. App. 1979)). The mere fact a party breaches a contract does not entitle the other party to an award of damages. *Great American Music Machine, Inc. v. Mid-South Record Pressing Co.*, 393 F.Supp. 877, 885 (M.D. Tenn. 1975). The injured party must sustain damages that consequently result from the breach. *Id*. Moreover, the injured party is not entitled to profit from the breach or be placed in a better position than had the contract been fully performed. *Id.*; *Hennessee v. Wood Group Enter. Inc.,* 816 S.W.2d 35, 37 (Tenn. Ct. App. 1991).

Metro did not ascertain that Cigna had failed to provide the performance bond until the contract was near completion, over three years after the commencement of the four-year term. By the commencement of this action, the contract term expired and Cigna had fulfilled all other obligations.[5] Because the term had expired and Cigna had fulfilled all other obligations under the parties' agreement, there was no longer a need for the performance bond when this action was filed.[6]

Had Cigna provided the performance bond at the beginning of the term, as the contract required, Metro would be in the same position it is today. As a consequence, although Cigna breached the agreement, Metro has not sustained damages as a result of that breach. If we were to grant Metro the damages it seeks, it would be in a better position than had the contract been fully performed by Cigna. Metro is not entitled to be placed in a better position, Cigna's breach notwithstanding. *Great American Music Machine,* 393 F.Supp. at 885; *Hennessee,* 816 S.W.2d at 37. We therefore affirm the summary dismissal of Metro's breach of contract claim.

---

[5]Metro contends some additional claims could be asserted for which the bond could come into play. We, however, find the probability and significance of such claims remote and speculative. Accordingly, it is not addressed in this opinion.

[6]Because Cigna had a contractual duty to provide the bond, had Metro commenced its action during the term of the agreement, it may have been entitled to compel Cigna to provide the performance bond. Metro, however, did not seek such relief.

**IN CONCLUSION**

The judgment of the trial court is affirmed and this matter is remanded with costs of appeal assessed against appellant, the Metropolitan Government.

_____
FRANK G. CLEMENT, JR., JUDGE