IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 19, 2021 Session

## WILMINGTON SAVINGS FUND SOCIETY, FSB ET AL. v. THOMAS S. JACKSON

**Appeal from the Chancery Court for Sevier County**
**No. 20-10-188       Telford E. Forgety, Jr., Chancellor**

———————————————————

### No. E2021-00300-COA-R3-CV

———————————————————


This appeal arises from an action for default on a promissory note. Wilmington Savings Fund Society, FSB, as certificate trustee on behalf of Bosco Credit II Trust Series 2010-1 ("Plaintiff"), filed suit against Thomas S. Jackson ("Defendant") in the Chancery Court for Sevier County (the "trial court"), alleging causes of action for breach of contract and unjust enrichment arising from a note executed in 2006. Defendant moved the trial court for summary judgment, alleging that he defaulted on the note in 2007 and that the property was foreclosed in 2008. Defendant averred that Plaintiff's cause of action accrued when Defendant's remaining debt was accelerated in 2008 and that Plaintiff's cause of action was therefore time-barred by Tennessee's six-year statute of limitations on breach of contract actions. Plaintiff responded to Defendant's motion but failed to cite to any facts in the record that created a dispute as to Defendant's statements and failed to produce any countervailing evidence. Accordingly, the trial court granted Defendant's motion and Plaintiff filed a timely appeal to this Court. Discerning no error, we affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed

KRISTI M. DAVIS, J., delivered the opinion of the Court, in which JOHN W. MCCLARTY and THOMAS R. FRIERSON, II, JJ., joined.

Robert T. Lieber, Jr., Brentwood, Tennessee, for the appellant, Wilmington Savings Fund Society, FSB, in its capacity as Certificate Trustee of Bosco Credit II Trust Series 2010-1.

Scott Hall, Sevierville, Tennessee, for the appellee, Thomas S. Jackson.


## OPINION

Defendant executed a promissory note (the "Note") for $45,900.00 on or about August 23, 2006 in favor of Homecomings Financial Network, Inc. ("Homecomings"). Attached to the Note is an allonge with a blank endorsement, and Plaintiff purports to be the current holder of the Note. The Note provides that Defendant's "obligations are separately secured by a Mortgage/Deed of Trust dated the same date as this note." The Note further provides that "unpaid principal, earned interest and all other agreed charges" may be made immediately due should Defendant default on the loan. It is undisputed that Defendant did not make timely payments on the Note and defaulted some time in 2007.

Plaintiff filed an action against Defendant in the trial court on October 14, 2020, alleging causes of action for breach of contract and unjust enrichment. Plaintiff averred that notices of default had been mailed to Defendant on June 5, 2019 and October 7, 2019. While a copy of the Note was attached to the complaint, the record does not contain copies of the notices of default allegedly mailed to Defendant in 2019.

Defendant responded by filing a motion for summary judgment on November 30, 2020, arguing that Plaintiff's claims were time-barred. Defendant averred that he had received a notice of default and acceleration in 2008 and that the subject property was foreclosed soon thereafter. Defendant's statement of undisputed material facts provided, *inter alia*, as follows:

> 2. Default on the Note occurred in 2007.
>
> 3. [Defendant] received numerous notices from purported holders of the Note which advised [Defendant] that he was in default on the Note.
>
> 4. The original Notice of Default on the Note was sent to [Defendant] in or about year 2008.
>
> 5. The original lender sent [Defendant] a notice of default and notice of acceleration in or about year 2008.
>
> *       *       *
>
> 9. [The property] was foreclosed upon in year 2008.
>
> 10. [The property] was conveyed via foreclosure in 2008 to a third party.

In support of his statement of undisputed material facts and motion, Defendant attached his

own affidavit explaining that he defaulted on the Note in 2007, received a notice of acceleration in 2008, and that the Property was foreclosed later that year. Defendant also attached to his statement of undisputed facts a substitute trustee's deed reflecting that in February 2008, Homecomings foreclosed the Property and it was sold to Deutsche Bank Trust Company Americas as Trustee after public auction. The substitute trustee's deed reflects that the foreclosure was associated with a deed of trust executed by Defendant on August 23, 2006.

Plaintiff responded to Defendant's motion and statement of undisputed material facts on December 17, 2020. In response to Defendant's averment that he received notice of acceleration in 2008, Plaintiff stated only: "Disputed. The Note was not accelerated until the filing of this instant action." However, Plaintiff did not cite to the record nor did it provide any additional evidence. Rather, in response to all of Defendant's undisputed material facts, Plaintiff simply stated "disputed" or "admitted" without citation to the record. Plaintiff also filed a written response to the motion for summary judgment, urging that the Note is an installment note and that Plaintiff's action was therefore timely. Plaintiff argued that while claims as to some of the missed payments on the Note may be barred by the six-year statute of limitations, the statute had not yet run with regard to all missed payments. Additionally, Plaintiff stated that the Note was not accelerated "prior to the initiation of the instant action" and explained that Plaintiff sent notices of default to Defendant in June and October 2019. Again, however, Plaintiff cited nothing in the record to support these contentions, nor did Plaintiff attach any affidavits or exhibits to its response. Plaintiff also alleged for the first time that the 2008 foreclosure "was for the first mortgage, not the second[,]" explaining that "[t]he Substitute Trustee's Deed attached to the Motion [for summary judgment] references a deed of trust recorded at Book 2604, Page 132. The Deed of Trust that secured the Note was recorded at Book 2604, Page 154. [See Attached Exhibit 1]." Nonetheless, there were no attached exhibits to Plaintiff's response, and the only deed in the record is the substitute trustee's deed produced by Defendant. Finally, Plaintiff also noted that Defendant failed to state specifically which statutes of limitation he was relying on.

The trial court granted Defendant's motion on January 8, 2021.[1] As pertinent, the trial court found:

> The original lender, Homecomings Financial Network, Inc., provided the Defendant, Thomas [S.] Jackson, with notice of default and notice of acceleration in or about year 2008, as evidenced by the verified Affidavit of Thomas Jackson of Record. Plaintiff did not or could not refute the year 2008 acceleration of the debt.

---

[1] There is no transcript of the hearing in the record.

The Record reflects that the Statute of Limitations has run on any of the Plaintiff's claims.

Plaintiff fails to demonstrate that acceleration did not occur in the year 2008, as sworn to by Defendant Thomas S. Jackson.

Essentially, the trial court concluded that Defendant was entitled to summary judgment because Plaintiff failed to dispute the evidence offered with Defendant's motion. Accordingly, Plaintiff's case was dismissed in its entirety. Plaintiff filed a motion to alter or amend the trial court's order on January 29, 2021, arguing the same installment theory raised in its response to Defendant's motion for summary judgment. Plaintiff also urged that Defendant's affidavit was an insufficient basis upon which to grant summary judgment, and that Defendant had not established the elements of his statute of limitations defense because Defendant failed to specify which statutes of limitation upon which he relied. Defendant responded to Plaintiff's motion and urged that the trial court properly granted summary judgment inasmuch as Plaintiff failed to dispute any of Defendant's material facts, and clarified that Defendant was relying upon Tennessee Code Annotated section 28-3-109(a) and (c) for his statute of limitations defense.[2]

The trial court denied Plaintiff's motion to alter or amend on March 25, 2021. In its order, the trial court clarified that "the Statute of Limitations has run on any of the Plaintiff's claims, both the six (6) and ten (10) year limitation periods." The trial court also reiterated that "Plaintiff has failed to demonstrate that acceleration did not occur in the year 2008, as sworn by Defendant Thomas S. Jackson." Plaintiff then filed a timely notice of appeal to this Court.

**ISSUES**

We rephrase Plaintiff's issues on appeal as follows:

---

[2] Tennessee Code Annotated section 28-3-109 provides:

(a) The following actions shall be commenced within six (6) years after the cause of action accrued:
  (1) Actions for the use and occupation of land and for rent;
  (2) Actions against the sureties of guardians, executors and administrators, sheriffs, clerks, and other public officers, for nonfeasance, misfeasance, and malfeasance in office; and
  (3) Actions on contracts not otherwise expressly provided for.
(b) The cause of action on title insurance policies, guaranteeing title to real estate, shall accrue on the date the loss or damage insured or guaranteed against is sustained.
(c) The cause of action on demand notes shall be commenced within ten (10) years after the cause of action accrued.

1. Whether the trial court erred in concluding that Defendant offered sufficient evidence to show that acceleration of Defendant's debt occurred in 2008.

2. Whether the trial court properly concluded that Plaintiff's claims were time-barred.

**STANDARD OF REVIEW**

A trial court may grant summary judgment only if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. The propriety of a trial court's summary judgment decision presents a question of law, which we review de novo with no presumption of correctness. *Kershaw v. Levy*, 583 S.W.3d 544, 547 (Tenn. 2019).

"The moving party has the ultimate burden of persuading the court that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Martin v. Norfolk S. Ry.*, 271 S.W.3d 76, 83 (Tenn. 2008). As our Supreme Court has instructed,

> when the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense.

*Rye v. Women's Care Ctr. of Memphis*, 477 S.W.3d 235, 264 (Tenn. 2015) (emphasis in original). "[I]f the moving party bears the burden of proof on the challenged claim at trial, that party must produce at the summary judgment stage evidence that, if uncontroverted at trial, would entitle it to a directed verdict." *TWB Architects, Inc. v. Braxton, LLC*, 578 S.W.3d 879, 888 (Tenn. 2019) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986)).

When a party files and properly supports a motion for summary judgment as provided in Rule 56, "to survive summary judgment, the nonmoving party may not rest upon the mere allegations or denials of its pleading, but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, set forth specific facts . . . showing that there is a genuine issue for trial." *Rye*, 477 S.W.3d at 265 (internal quotation marks and brackets in original omitted). "Whether the nonmoving party is a plaintiff or a defendant—and whether or not the nonmoving party bears the burden of proof at trial on the challenged claim or defense—at the summary judgment stage, '[t]he nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party.'" *TWB Architects*, 578 S.W.3d at 889

(quoting *Rye*, 477 S.W.3d at 265).

In reviewing the trial court's summary judgment decision, we accept the evidence presented by the nonmoving party as true; allow all reasonable inferences in its favor; and "resolve any doubts about the existence of a genuine issue of material fact in favor of" Plaintiff, the party opposing summary judgment. *Id.* at 887.

**DISCUSSION**

The dispositive issue here is whether the trial court properly concluded that the undisputed facts show the Note was accelerated in 2008. As Plaintiff states in its brief, "[i]f the Note was not accelerated in 2008 then [Plaintiff] is permitted to pursue claims for each missed payment within the applicable statute of limitations." Conversely, if the trial court correctly concluded that the Note was accelerated in 2008, then Plaintiff's cause of action accrued at that time and is time-barred. *See* Tenn. Code Ann. § 28-3-109(a); *Deutsche Bank v. Nat'l Trust Co. v. Lee*, No. M2018-01479-COA-R3-CV, 2019 WL 2482423, at *4–5 (Tenn. Ct. App. June 13, 2019) (explaining that default on a note "amounts to a breach" and that a cause of action for future installments accrues when the "creditor chooses to take advantage of" an acceleration clause); *see also SunTrust Bank v. Ritter*, No. E2017-01045-COA-R3-CV, 2018 WL 674000, at *5 (Tenn. Ct. App. Feb. 1, 2018) (looking to date of acceleration to determine whether breach of contract action on note was brought within limitations period).

Although the trial court concluded that Defendant properly supported his motion for summary judgment with his affidavit and the substitute trustee's deed, thereby requiring Plaintiff to "demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of [Plaintiff,]" Plaintiff disputes this on appeal. *TWB Architects*, 578 S.W.3d at 889. Plaintiff maintains that Defendant's affidavit was insufficient because it contains only legal conclusions "masked" as factual assertions, and that Plaintiff's burden to respond was therefore not triggered. *See Progressive Specialty Ins. Co. v. Kim*, No. M2019-01998-COA-R3-CV, 2021 WL 1086884, at *2 (Tenn. Ct. App. Mar. 22, 2021) ("If the moving party fails to show he or she is entitled to summary judgment, 'the non-movant's burden to produce either supporting affidavits or discovery materials is not triggered and the motion for summary judgment fails.'" (quoting *Martin*, 271 S.W.3d at 83)).

In particular, Plaintiff takes issue with Defendant's statement that default and acceleration occurred in 2008, inasmuch as Plaintiff contends that whether acceleration occurred is a fact-sensitive inquiry best undertaken by the court. Plaintiff urges that Defendant's failure to produce a copy of a notice of acceleration from 2008 is fatal to Defendant's position, and avers that "the actual language of the document must be evaluated in order to determine the effect, if any, on the note." Plaintiff also contends that

the substitute trustee's deed filed in conjunction with Defendant's motion pertains to a superior mortgage unrelated to the Note.

In support, Plaintiff relies almost entirely on non-binding authority from other jurisdictions. For example, Plaintiff posits that *Kryder v. Rogers*, No. 1:13-cv-00048, 2015 WL 1345544 (M.D. Tenn. Mar. 23, 2015), is dispositive here. In that case, the plaintiff brought several claims against the defendants arising from the execution of a promissory note, one of which was improper acceleration. *Id.* at *1. The plaintiff sought partial summary judgment on some of her claims, alleging in part that defendants improperly "accelerated the principal balance on the term note" thereby breaching its terms. *Id.* at *2. The letter from defendants' counsel upon which plaintiff based this assertion read:

> The purpose of this letter is to advise you of our representation and notify you that the May 19, 2012, agreement with my client to "pause" payments is no longer in effect. We therefore request that either the principal sums be paid immediately, or, if you lack sufficient funding for that option, that the notes be made current and you come within compliance of their terms on or before October 1, 2012.

*Id.* at *7. Accordingly, the district court held that the letter was merely a "request" and did not amount to acceleration of the note.

Plaintiff posits that *Kryder* and other cases cited in its brief stand for the proposition that courts have definitively held "a review of the contents of the notice of acceleration [is] imperative in determining the effect of the letter[,]" and that Defendant's affidavit should be disregarded. Defendant, on the other hand, argues on appeal that the trial court properly granted summary judgment in Defendant's favor because "Plaintiff did not offer a sworn denial of the fact that the Note was accelerated [in 2008,]" nor did Plaintiff produce countervailing evidence for the trial court's consideration. Defendant points out that pursuant to Tenn. R. Civ. P. 56.03, "[e]ach disputed fact must be supported by citation to the record." Because Plaintiff failed to dispute Defendant's assertion that acceleration occurred in 2008, Defendant argues that the trial court properly treated this fact as undisputed and, in turn, properly concluded that Plaintiff's cause of action accrued in 2008 and is untimely.

We agree with Defendant. When moving for summary judgment, "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Tenn. R. Civ. P. 56.06; *see also Synovus Bank v. Paczko*, No. M2014-00897-COA-R3-CV, 2015 WL 3455965, at *4 (Tenn. Ct. App. May 29, 2015) ("Evidence, including the substance of affidavits, filed in 'support or to oppose a motion for summary judgment must be admissible.'" (quoting *Shipley v. Williams*, 350

S.W.3d 527, 535 (Tenn. 2011)). "An abuse of discretion standard applies to decisions regarding the admissibility of evidence filed in support of or in opposition to motions for summary judgment." *Id.* In the present case, Defendant's affidavit provided that he was competent to testify and had personal knowledge of the matters discussed therein. Defendant further stated that he received, in the mail, a notice of default and acceleration from the lender in 2008. While Plaintiff attempts to couch Defendant's affidavit as containing a legal opinion as to whether acceleration was properly, legally effectuated, this is a mischaracterization. The affidavit merely provides that Defendant received a particular notice in the mail. Moreover, although Plaintiff correctly points out that affidavits containing conclusory statements are generally insufficient for purposes of summary judgment, Plaintiff ignores the fact that Defendant also produced a substitute trustee's deed to corroborate his statements that the debt was accelerated and the property foreclosed in 2008. Consequently, while Defendant's testimony is self-serving, it is also supported by other documentation contained in the record. *See Huggins v. McKee*, 500 S.W.3d 360, 371 (Tenn. Ct. App. 2016).

Accordingly, we take no issue with the trial court's conclusion that Defendant submitted a properly supported motion for summary judgment. Moreover, we are not persuaded that the cases cited by Plaintiff, such as *Kryder*, go so far as to hold that an affiant may not swear in an affidavit that he or she received a notice of default and acceleration in the mail.[3] The trial court took no issue with the substance of Defendant's affidavit, and Plaintiff does not explain in its brief why this amounts to an abuse of discretion. We are therefore not inclined to disturb the trial court's decision that Defendant's affidavit was sufficient under the circumstances. *See Garner v. Coffee Cnty. Bank*, No. M2014-01956-COA-R3-CV, 2015 WL 6445601, at \*14 (Tenn. Ct. App. Oct. 23, 2015) ("[A]n appellate court is not permitted to interfere with the trial court's discretionary decision absent a showing that the trial court abused its discretion.").

Likewise, we reject Plaintiff's contention that it was excused from compliance with Tenn. R. Civ. P. 56.03. "When a party makes a properly supported motion for summary judgment, 'the burden shifts to the nonmoving party to establish the existence of disputed material facts or that the moving party is not entitled to judgment as a matter of law.'" *Ritter*, 2018 WL 674000, at \*5 (quoting *Holland v. City of Memphis*, 125 S.W.3d 425, 427 (Tenn. Ct. App. 2003)). Rule 56.03 itself mandates that once "a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading[.]" *Id.* Rather, the adverse party "**must** set forth specific facts showing that there is a genuine issue for trial."

---

[3] Plaintiff cites a footnote in a federal case from Texas which provides that "[a] party's assertion that acceleration occurred is a legal conclusion that should not be considered competent summary judgment evidence." *Tafacory v. Deutsche Bank Nat'l Trust Co.*, No. 4:19-CV-00886-SDJ-CAN, 2020 WL 7658070, at \*5 n.5 (E.D. Tex. Nov. 6, 2020). Nonetheless, under the particular circumstances of this case, we cannot conclude that a footnote from non-binding legal authority is the dispositive factor in our analysis.

*Id.* (emphasis added). This may be accomplished "by pointing to evidence in the record which indicates disputed material facts." *Ritter*, 2018 WL 674000, at *5.

Nonetheless, Plaintiff's response to Defendant's statement of undisputed material facts and motion for summary judgment contained only assertions of Plaintiff's counsel, with no citation to evidence in the record or additional, countervailing evidence. Indeed, Plaintiff's response to Defendant's statement that he received a notice of default and acceleration in 2008 was simply: "Disputed. The Note was not accelerated until the filing of this instant action." However, nothing in the record buttresses Plaintiff's response. In the same vein, Plaintiff's response to the substitute trustee's deed offered by Defendant is an unsupported assertion that the deed addresses a different debt.[4] Plaintiff wholly failed to comply with Tenn. R. Civ. P. 56.03, and although "[a] trial court, acting within its discretion, may waive the requirements of [Rule] 56.03 under certain circumstances[,]" such a waiver did not occur in the present case. *Deutsche Bank*, 2019 WL 2482423, at *3 (quoting *Cox v. Tenn. Farmers Mut. Ins. Co.*, 297 S.W.3d 237, 244 (Tenn. Ct. App. 2009)). Rather, the trial court held Plaintiff to its obligations under the rule and, again, Plaintiff has not explained in its brief how this amounts to an abuse of discretion. Consequently, we deem it prudent to leave the trial court's decision in this case undisturbed. *See Garner*, 2015 WL 6445601, at *14.

While Rule 56.03 provides that an adverse party "may not rest upon mere allegations or denials" in response to a motion for summary judgment, that is precisely how Plaintiff proceeded here. Accordingly, Plaintiff failed to "set forth specific facts showing that there is a genuine issue for trial." Tenn. R. Civ. P. 56.06. Insofar as Plaintiff failed to dispute that acceleration of Defendant's debt occurred in 2008, we agree with the trial court's conclusion that Plaintiff's cause of action accrued in 2008. Consequently, we also agree with the trial court's conclusion that Plaintiff's claims for breach of contract and unjust enrichment[5] are untimely pursuant to Tennessee Code Annotated section 28-3-109.

---

[4] Plaintiff's response to the motion for summary judgment provides:

> The foreclosure of the property was for the first mortgage, not the second. The Substitute Trustee's Deed attached to the Motion references a deed of trust recorded at Book 2604, Page 132. [See Exhibit C to Motion]. The Deed of Trust that secured the Note was recorded at Book 2604, Page 154. [See Attached Exhibit 1].

There were no exhibits attached to Plaintiff's response. As such, Plaintiff's contention that the 2008 foreclosure was unrelated to the Note is an unsupported allegation by Plaintiff's counsel. Moreover, the substitute trustee's deed references a deed of trust executed by Defendant the same day as the Note.

[5] In determining the applicable statute of limitations, we look to the "'gravamen of the complaint.'" *Benz-Elliott v. Barrett Enters., LP*, 456 S.W.3d 140, 147 (Tenn. 2015) (quoting *Whaley v. Perkins*, 197 S.W.3d 665, 670 (Tenn. 2006)); *see also Metro. Gov't of Nashville and Davidson Cnty. v. Cigna Healthcare of Tennessee, Inc.*, 195 S.W.3d 28, 32 (Tenn. Ct. App. 2005) ("Unjust enrichment is a

The trial court therefore did not err in granting summary judgment to Defendant.

**CONCLUSION**

The judgment of the Chancery Court for Sevier County is hereby affirmed. Costs of this appeal are assessed to the appellant, Wilmington Savings Fund Society, FSB, for which execution may issue if necessary.

_____
KRISTI M. DAVIS, JUDGE

---

quasi-contractual theory or an equitable substitute for a contract claim[.]").